IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01621-PAB

JAMES GREGORY MAY,

    Plaintiff,

v.

U.S. BANK, N.A., as trustee for Structured Asset Securities Corporation Trust 2005-WF2,
WELLS FARGO BANK, N.A.,
ROBERT J. ARONOWITZ, individually and as a member of Aronowitz & Mecklenburg, LLP,
LISA CANCANON, individually and as a member of Aronowitz & Mecklenburg, LLP, and
DOES 1-100,

    Defendants.

# ORDER

    This matter is before the Court on the "Motion for TRO and Preliminary Injunction of Rule 120" [Docket No. 3] filed by plaintiff James Gregory May on June 20, 2013.  The Court will address that portion of the motion requesting that the Court grant a motion for a temporary restraining order ("TRO").  The Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331.  In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).  However, the Court shall not act as an advocate for the pro se litigant.  *Hall*, 935 F.2d at 1110.

    Plaintiff's motion is one page long, it is captioned as a proposed order, and it contains no arguments or facts supporting the motion.  On June 24, 2013, plaintiff filed

a letter with the Court stating that the "Power of Sale" auction date for his residence is scheduled for Wednesday, June 26, 2013. Docket No. 8 at 1. Based on plaintiff's letter, the Court liberally construes plaintiff's motion as a request to enjoin a June 26, 2013 foreclosure sale of his residence.[1]

Local Rule 65.1 states that a motion for a TRO shall be accompanied by a certificate of counsel or pro se party stating that "actual notice" of the motion was provided to the opposing party or stating the "efforts made by the moving party to give such notice." D.C.COLO.LCivR 65.1A. Plaintiff has not included such a certificate. The Local Rules also state that courts may not consider an ex parte motion for a TRO except in accordance with Rule 65(b) of the Federal Rules of Civil Procedure. D.C.COLO.LCivR 65.1A.2. Rule 65(b) provides in part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff has failed to make any showing pursuant to Fed. R. Civ. P. 65(b) that he attempted to give defendants notice of this action and of his request for emergency injunctive relief.[2] *See Brown v. Deutsche Bank Nat'l Trust*, No. 10-cv-02287-ZLW-

---

[1] Because plaintiff did not name the Public Trustee as a party in this case, the Court does not have jurisdiction to enjoin the Public Trustee from proceeding with the foreclosure sale. *See Rosenfield v. HSBC Bank, USA*, No. 10-cv-00058-MSK, 2010 WL 195019 (D. Colo. Jan. 13, 2010) (noting that the court could not enjoin the public trustee because he is not named as a defendant).

[2] As of the date of this order, defendants have yet to be served.

2

MJW, 2010 WL 4256212, at *2 (D. Colo. Sept. 28, 2010) (applying to a pro se plaintiff the requirement of Fed. R. Civ. P. 65(b)(1)(B) that the movant's attorney certify in writing any efforts made to give notice to adverse parties). Further, plaintiff has failed to provide any reason why such notice should be excused. *See* Fed. R. Civ. P. 65(b)(1)(B). Thus, plaintiff fails to comply with the notice provision of Local Rule 65.1A and fails to clearly show pursuant to Federal Rule of Civil Procedure 65(b) that immediate and irreparable injury will result before the adverse party can be heard. Thus, plaintiff's motion will be denied on this basis alone.[3]

Even if plaintiff were to cure the procedural defects in his request for a TRO, he must still establish: (1) that there is a likelihood that he will succeed on the merits; (2) that he will suffer irreparable harm in the absence of an injunction; (3) that the balance of the equities tips in his favor; and (4) that the injunction is in the public interest. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (internal citation omitted). Because such injunctive relief is an extraordinary remedy, plaintiff's right to relief must be clear and unequivocal. *Id*.

Plaintiff's motion does not establish a likelihood of success on the merits. In his motion, plaintiff does not identify a legal theory upon which he seeks to enjoin the foreclosure sale. Absent an argument for why he is likely to succeed on the merits of any of his claims, plaintiff fails to demonstrate a likelihood of success on any claim that could afford relief sufficient to enjoin the upcoming foreclosure sale. *See Populist Party v. Herschler*, 746 F.2d 656, 661 (10th Cir. 1984) (denying application for an injunction

---

[3] Plaintiff's motion also fails to provide an information sheet. *See* D.C.COLO.LCivR 65.1C.

pending appeal from the district court's denial of a TRO on the basis that plaintiffs failed to show a likelihood of success on the merits). Nor is it appropriate for the Court, based upon allegations in the complaint, to theorize or speculate about plaintiff's likelihood of success on the merits.

Plaintiff also fails to establish that he will suffer irreparable harm in the absence of a TRO because he does not establish that he has a current right to remain in possession of the residence. Plaintiff states that a "Power of Sale" auction on his residence is scheduled for June 26, 2013, but does not otherwise explain why this sale is improper or invalid. Additionally, assuming foreclosure proceedings occur, plaintiff fails to show irreparable harm because he retains a right to redeem his property after the foreclosure sale occurs. *See* Colo. Rev. Stat. § 38-38-302. Without specific facts as to why plaintiff believes that he is entitled to remain in possession of the residence, the Court concludes that the imminence of the foreclosure sale alone does not support the issuance of a TRO. Accordingly, plaintiff fails to demonstrate a likelihood that he will suffer irreparable harm in the absence of a TRO. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (noting that to constitute irreparable harm an injury must be certain, great, actual and not theoretical). Absent a showing of irreparable harm, the Court need not reach the other factors of the inquiry because plaintiff does not provide sufficient support for issuance of injunctive relief. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for

preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law.").

For the foregoing reasons, it is

**ORDERED** that the portion of plaintiff's Motion for TRO and Preliminary Injunction of Rule 120 requesting the issuance of a temporary restraining order [Docket No. 3] is **DENIED**.  It is further

**ORDERED** that the Court will not schedule that portion of plaintiff's motion requesting a preliminary injunction until plaintiff files an information sheet as required by Local Rule 65.1C.

DATED June 24, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge